## SIGLER v. LE BLEU.
### No. 1475.

Court of Appeal of Louisiana. First Circuit. May 14, 1935.

C. V. Pattison, of Lake Charles, for appellant.

Edwin F. Gayle, of Lake Charles, for appellee.

LE BLANC, Judge.

The point at issue between the plaintiff and the defendant in this case is whether the agreement entered into between them, under which the plaintiff was to furnish certain building material to the defendant to be used by him in the construction of three houses, included lumber for ceiling the inside of the houses, an extra door and window in each, material for flues, and screening for all three houses.

It is the contention of the plaintiff that the agreement, as originally understood, contemplated the furnishing of lumber only, without ceiling, for the contract price of $521, and that thereafter it was changed to include the ceiling at $111; additional lumber to enlarge one of the houses from two to three rooms, $35; and also an extra door and window for each room, $22.50. The screen, screen doors, and nails, which it is contended where not included in the agreement, were furnished at the price of $54.40. All told, therefore, plaintiff furnished $743.90 of material on which defendant paid him $600, leaving a balance of $143.90 still due and unpaid and which he now seeks to recover.

The defendant contends that the agreement was for the furnishing of all material as for three completed houses, at the price of $676, and that as he had to pay $46 to another party for material for flues in all three houses, he was entitled to deduct that amount from the plaintiff's bill, leaving a balance of only $30 after payment of the $600 for which amount of $30 he had already tendered his check in payment.

After painstakingly analyzing the conflicting testimony in the record and applying certain rules of law governing contracts, the learned trial judge reached the conclusion that the original agreement contemplated all material for the three houses complete, including the nails and material for the flues. He found that the three extra doors and windows were not included in the original agreement, but were added subsequently. The screening material and screen doors, he held, did not come within the terms of the agreement. He arrived at a balance of $70.40 due the plaintiff by defendant, based on the following calculation: The original amount as claimed by the plaintiff, $521, plus the ceiling, $111, and the enlarging of one of the houses, $35, which made a total of $667. To this amount he added the material for the extra doors and windows, $23, and the value of the screening material and screen doors, $26.40, which made the full amount due the plaintiff $716.40. We note a discrepancy of 50 cents in the price charged for the extra doors and windows which no doubt crept in in copying the bill. The district judge's figure favors the plaintiff with this difference, and we adopt his amount as the correct one. From this total, he deducted the material for the flues, $46, leaving a balance of $670.40, and then allowing the defendant his credit of $600, he reached the final balance of $70.40, for which amount he rendered judgment in favor of the plaintiff.

The appeal was taken by the defendant. Plaintiff, apparently satisfied with the judgment, has not answered the appeal.

As did the trial judge, we find the testimony very conflicting and hard to reconcile; not however, as he well says, from any desire on the part of the parties to the contract to testify falsely, but from their failure to have gone into details and thoroughly understand themselves at the time the contract was made. On some matters, they are in accord; as, for instance, the addition of one room to one of the houses, for which plaintiff had originally increased the amount of his bill by $50, but afterwards agreed to make it $35. Neither are the parties so far apart on the question of the extra door and window for each room that also formed part of their subsequent agreement and for which the district judge allowed the plaintiff the additional amount demanded by him. The nails, no doubt, were included in the original contract price. Therefore, the district judge was correct in establishing the full original amount for all material to complete the three houses, at $667, and in adding thereto $23, the price of the extra doors and windows.

The most serious contention in the case, and the one made particularly hard to solve on account of the sharp division of testimony, is with regard to those items covering flues and screens. It was to settle these that the learned district judge, in view of how uncertain and how open the matter was to two meanings, had resort to those rules governing the construction of contracts as laid down in the Civil Code. With regard to the flues, he applied the rule as set out in article 1952, which is to the effect that where its terms present two meanings, they must be taken in that sense which is the most congruous to the subject-matter of the contract. We agree with him that a house could hardly be said to be complete without flues, otherwise there would be no way in which ordinary fuel, such as wood, coal, and oil could be burned in it either for heating or cooking. Applying that rule, therefore, it would seem that the flues were included in the agreement to furnish material for a complete house, and defendant was properly allowed a credit of $46, the amount paid by him for that item.

With respect to the items for screens and screen doors, the court, again feeling some doubt as to what the agreement was, applied

the rule laid down in Civil Code, art. 1953, to the effect that whatever appears ambiguous in a contract must be determined according to the usage of the country where it is entered into. We again agree with the district judge that it cannot be definitely said that the custom and usage here is to screen houses. Whilst screens are being used more and more as we progress in our mode of living, the practice cannot be said to have reached the stage where it has become a custom of the country. These items were properly allowed as extras and as not being included in the original contract.

We certainly cannot find any fault with any of the findings of the trial judge and neither party in our opinion has reason for further complaint. The judgment made proper disposal of the defendant's check for $30, which had been tendered in full payment of plaintiff's account by ordering it returned to him.

Judgment affirmed.